UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61005-CIV-MARRA/JOHNSON

JOAQUIN STRIDIRON,

    Plaintiff,
v.

THE CITY OF PLANTATION, FLORIDA,
and PLANTATION POLICE OFFICERS
HAMPTON #8521, MAREK #9439, CLARK
#9526, HENDRICKSON #316, AND DET.
LAWDAN #9010,

    Defendants.
_____/

**ORDER AND OPINION**

THIS CAUSE is before the Court on Plaintiff Joaquin Stridiron's ("Defendant" or "Stridiron") Motion to Appoint Counsel (DE 64), filed October 22, 2009. The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the premises.

A civil litigant has no absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. (citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)). The Court has "broad discretion" in deciding whether to grant a request for court appointed counsel in a civil case. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir.1999). A key consideration is "whether the pro se litigant needs help in presenting the essential

merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993). "Where the facts and issues are simple, he or she usually will not need such help." Id.

Plaintiff requests that the Court appoint him counsel pursuant to 18 U.S.C. § 3006A. However, there is nothing in that statute, which provides for adequate representation of defendants in criminal proceedings, that would entitle Plaintiff to court-appointed counsel in this civil proceeding. Additionally, the Court notes that the facts and legal issues in this case do not appear to be so complex as to require the assistance of an attorney. Lastly, this case has been actively litigated for over a year, it has been pending for three years and is scheduled for trial in a month. Plaintiff's request comes much too late. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Appoint Counsel (DE 64) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of October, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

all counsel of record

Joaquin L. Stridiron, *pro se*
1075 NW 121st Street
N. Miami, FL 33168