UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61005-CIV-MARRA/JOHNSON

JOAQUIN STRIDIRON,

    Plaintiff,
v.

THE CITY OF PLANTATION, FLORIDA,
and PLANTATION POLICE OFFICERS
HAMPTON #8521, MAREK #9439, CLARK
#9526, HENDRICKSON #316, AND DET.
LAWDAN #9010,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE came before the Court on Defendant Dennis Lawdan's Motion for Summary Judgment (DE 50), Defendant Marshall Clark's Motion for Summary Judgment (DE 51), Defendant Robert Marek's Motion for Summary Judgment (DE 54), and Defendant Curtis Hampton's Motion for Summary Judgment (DE 55). Plaintiff Joaquin Stridiron ("Plaintiff" or "Stridiron") filed a response in opposition to the motion (DE 66) and Defendants filed a Reply (DE 72). The motions are fully briefed and ripe for review. The Court has reviewed the motions, responses, and replies, the entire file in this case, and is otherwise duly advised in the premises.

**Background**

Plaintiff filed a civil rights complaint against Defendants Dennis Lawdan, Marshall Clark, Robert Marek, and Curtis Hampton. See DE 35. Plaintiff alleges that on April 16, 2005, the

1

Defendants, Plantation Police Officers and their K-9, used excessive force under the Fourth Amendment in the arrest of Plaintiff, resulting in injury to him.

**Undisputed Material Facts[1]**

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom, for the purpose of these motions, are as follows:

1. On April 16, 2005, City of Plantation law enforcement officers were dispatched to an alarm at Goodwin Biotechnology. See Finnegan Dep., DE 52-2 at 13,

2. Detective Dennis Lawdan, a City of Plantation police detective, never responded to the scene of the incident, and neither partook in nor witnessed Plaintiff's apprehension. See Lawdan Aff., DE 52-4 at ¶¶ 3-4.

3. Marshall Clark, a City of Plantation road patrol officer, responded to the Goodwin Biotechnology building, but never entered the building. See Clark Aff., DE 52-5 at ¶¶ 5. Clark neither partook in nor witnessed Plaintiff's apprehension by the K-9 dog. See Clark Aff., DE 52-5 at ¶¶ 3-4.

4. The first time Marshall Clark saw Plaintiff was when he was being taken out of the building in handcuffs, well after the K-9 dog apprehension. See Clark Aff., DE 52-5 at ¶ 4.

5. Two K-9 handlers, Officers Curtis Hampton and Robert Marek, arrived at the scene, each with their K-9 dog. See Hampton Aff., DE 55-2 at ¶ 3; Marek Aff., DE 52-5 at ¶¶ 3-4.

6. Marek's K-9 dog, Aster was not deployed at any time. See Marek Aff., DE 52-5.

---

[1] The Court notes that the majority of the facts surrounding Plaintiff's apprehension are highly disputed.

7. Curtis Hampton's K-9 dog, Rudi, was deployed at the scene. See Hampton Aff., DE 55-2 at ¶¶ 4-6.  While in an office inside the Goodwin Biotechnology building, Rudi inflicted multiple bites on Plaintiff's legs. See Hampton Aff., DE 55-2 at ¶ 6.

8. Plaintiff was arrested at the scene, transported to Westside Regional Hospital for medical clearance, and then transported to jail. De 52-6 at p. 2.

9. Subsequently, Plaintiff filed the instant civil action.  Plaintiff proceeds pro se.

**Standard of Review**

A court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).  The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).  That is, "[t]he moving party bears 'the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994).

The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position.  A jury must be able reasonably to find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-252 (1986); Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  Moreover, the Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985). The moving party may meet its burden with respect to summary judgment by pointing out to the court the "absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 324.  "The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment." Henderson v. Carnival Corp., 125 F. Supp. 2d 1375, 1376 (S.D. Fla. 2000).

**Discussion**

Excessive Force and Qualified Immunity

"To assert a Fourth Amendment claim based on the use of excessive force, the plaintiff[ ] must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." Troupe v. Sarasota County, 419 F.3d 1160, 1166 (11th Cir. 2005). "A seizure occurs when an officer restrains the freedom of a person to walk away." Evans v. Hightower, 117 F.3d 1318, 1320 (11th Cir. 1997) (citing Tennessee v. Garner, 471 U.S. 1, 7 (1985)).

Claims regarding the use of excessive force by law enforcement officers in the course of

an arrest or other seizure are properly analyzed under the Fourth Amendment and its reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989); Jackson v. Sauls, 206 F.3d 1156, 1167 (11th Cir. 2000).  In an excessive force case, the court must analyze whether the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting him; thus his conduct must be judged from "the perspective of a reasonable officer on the scene, rather than through the lens of hindsight [ ], taking into account all of the attendant circumstances." Kesinger v. Harrington, 381 F.3d 1243, 1248 (11th Cir. 2004); Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002).  To assess whether the force used was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted. Draper v. Reynolds, 369 F.3d 1270, 1277-78  (11th Cir. 2004).

The need for the application of force is assessed by whether the force used was reasonably proportionate to the need for that force, which is measured by considering the severity of the crime, whether the suspect posed an immediate danger to the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. See Durruthy v. Pastor, 351 F.3d 1080, 1094 (11th Cir. 2003).  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97; see also Crosby v. Monroe County, 394 F.3d 1328, 1333 (11th Cir. 2004) (Courts must not "view the matter as judges from the comfort and safety of our chambers ... [but rather] must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a

5

split-second decision between action and inaction ...").

Here, the four officers have sought summary judgment on the ground that they are entitled to qualified immunity. It is well settled that "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Vinyard, 311 F.3d at 1346 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). As a general proposition, "[i]t is clearly established that the use of excessive force in carrying out an arrest constitutes a violation of the Fourth Amendment." Thornton v. City of Macon, 132 F.3d 1395, 1400 (11th Cir. 1998). Thus, with regard to a claim of the use of excessive force, if an objectively reasonable officer in the same situation could have believed that the force used was not excessive, the defendant is entitled to qualified immunity. Anderson v. Creighton, 483 U.S. 635, 638-41 (1987); Kesinger, 381 F.3d at 1247."[A] minimal amount of force and injury ... will not defeat an officer's qualified immunity in an excessive force case." Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000).

Defendant Dennis Lawdan

The undisputed record evidence shows that Dennis Lawdan was not at the scene of the alleged excessive force. Since he was not there, he did not deprive Plaintiff of his Fourth Amendment right to be free from excessive force. Dennis Lawdan is entitled to qualified immunity since he did not violate Plaintiff's clearly established rights with respect to an incident he did not observe and in which he did not partake. Accordingly, Dennis Lawdan's motion for entry of summary final judgment is GRANTED.

Defendant Marshall Clark

The undisputed record evidence shows that Marshall Clark did not utilize any force against Plaintiff.  Marshall Clark never entered the building in which the alleged excessive force took place, and thus was not at the scene of the alleged excessive force.  Since he was not there, he did not deprive Plaintiff of his Fourth Amendment rights to be free from excessive force.  Marshall Clark is entitled to qualified immunity since he did not violate Plaintiff's clearly established rights with respect to an incident which he did not observed and in which he did not partake.

Additionally, with respect to the question of whether Clark failed to intervene in the use of excessive force by other officers, Clark is also entitled to summary judgment.  The Eleventh Circuit has held that a law enforcement officer can be liable for failing to intervene when another officer uses excessive force, but only if the officer is in a position to intervene but fails to do so.  See Ensley v. Soper, 142 F.3d 1402, 1407-08 (11th Cir. 1998) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable").  The evidence in the instant case is that Clark was not in the immediate vicinity when the alleged excessive force was used and that Clark did not even witness this event.  As Clark had no opportunity to intervene in any alleged use of excessive force by Officers Hampton and Marek, Clark cannot be held liable for failing to act.  See Priester v. City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000).  Accordingly, Marshall Clark's motion for entry of summary final judgment is GRANTED.

Defendants Hampton and Marek

According to the evidence presented by Plaintiff's Affidavit:

> On April 16, 2005, I was getting my tools that I left the day before I was working at Goodwin Biotechnology when I was confronted by the Plantation Police. I was coached [sic] inside, the police thought that I was a lookout for someone on the inside. I was pushed in an office and the dog was released and ordered to attack me. I was kicked and maimed by Officers Hampton, Marek and the dog, till I was bloody up and down both legs, clothes ripped off, all but a ripped t-shirt and one shoe, everything else was ripped off. I suffered more than 25-30 bites, I left the scene in a wheelchair. Officers took the dog off me when it got tired, let him rest then put it back on me. After the attack I was drug out to the parking lot naked and bleeding and left suffering for over an hour.

See DE 67. The Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to Plaintiff, the non-moving party.[2] Batey, 24 F.3d at 1333. Viewing the evidence presented in Plaintiff's affidavit, the Court concludes that Plaintiff has met his burden of demonstrating that his allegations of the use of excessive force, when taken as true, establish a constitutional violation under the reasonableness standard. See Hope v. Pelzer, 536 U.S. 730, 738 (2002) (holding that defense of qualified immunity was precluded at the summary judgment phase where, plaintiff's allegations, if true, establish a constitutional violation).

---

[2]Defendants argue in their reply memorandum that the Court does not have to accept Plaintiff's statement in his affidavit as true that the police found him outside the Goodwin Biotechnology building and coached inside. Defendants claim that Plaintiff was convicted of trespassing into the structure and thus Plaintiff's affidavit deserves no weight. (Reply at 2-3). Raising an argument in a reply memorandum does not provide Plaintiff with an opportunity to address Defendants' contentions. As such, the Court will not consider this argument. See Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984). Moreover, this is not a case claiming false arrest or arrest without probable cause. If it was, Plaintiff's conviction of trespass would be relevant. Thus, whether Plaintiff was found guilty of trespass is not dispositive of the issue of the reasonableness of the excessive force allegedly used at the time of his arrest.

Accordingly, the Court must deny Defendants Hampton and Marek's motions for summary judgment and allow this case to proceed to jury trial.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)  Defendant Dennis Lawdan's Motion for Summary Judgment (DE 50) is GRANTED.

(2)  Defendant Marshall Clark's Motion for Summary Judgment (DE 51) is GRANTED.

(3)  Defendant Robert Marek's Motion for Summary Judgment (DE 54) is DENIED.

(4)  Defendant Curtis Hampton's Motion for Summary Judgment (DE 55) is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of November, 2009.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record

Joaquin L. Stridiron, *pro se*
1075 NW 121st Street
N. Miami, FL 33168